UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TRACY DENNIS, | : | CASE NO. 20-63562-PMB |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND UNITED COMMUNITY BANK UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Tracy Dennis ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement between Trustee and United Community Bank under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

### Jurisdiction and Venue

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

*a. General Background*

2. On February 28, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for

16763322v1

relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 20-63562-PMB (the "**Bankruptcy Case**" or "**Case**")).

3. On the Petition Date, Debtor was the sole owner of that certain real property with a common address of 6885 Estepona Street, Atlanta, Fulton County Georgia 30349 (the "**Property**").

4. On or about October 15, 2019, Debtor signed a *Security Deed* (the "**UCB Deed**") granting a security interest in the Property to United Community Bank ("**United**") to secure the repayment of a debt owed by Debtor to United in the original principal amount of $169,990.00 (the "**Debt**").

5. Within 90 days of the Petition Date and approximately 113 days after Debtor executed the UCB Deed, it was recorded (the "**Transfer**") on the real property records (the "**Real Estate Records**") of the Clerk of the Superior Court of Fulton County (the "**Clerk**") on February 5, 2020.

6. On May 8, 2020, Trustee filed a complaint (the "**Complaint**") against United and initiated the adversary proceeding styled as *Hays v. United Community Bank* (Adv. Pro. No. 20-6079-PMB) (the "**Adversary Proceeding**"), in which Trustee has asserted that the Transfer is avoidable and recoverable by Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 547, 550, and 551 (the "**Preference Issues**").

7. United has filed an answer to the Complaint and contests Trustee's claims related to the avoidability and recoverability of the Transfer.

2

16763322v1

8.     On April 2, 2021, the Court entered an order [Doc. No. 22], authorizing Trustee and United to mediate the Preference Issues.

### *b. Filed Claims*

9.     The total of the timely filed, priority claims filed in the Bankruptcy Case is $3,148.75. The total of the timely filed, non-priority, general unsecured claims is $35,872.06.

### The Proposed Settlement

10.    Following a mediation hosted by the Honorable Mary Grace Diehl (the "**Mediation**"), Trustee and United (collectively, the "**Parties**") reached an agreement (the "**Settlement Agreement**") to resolve the Preference Issues raised by Trustee, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[1]

    a. Within 30 days of the Settlement Approval Order becoming final and upon receipt of a W-9 for the Bankruptcy Estate, United, through its title insurance carrier, First American Title Insurance Company, on behalf of United, shall pay to Trustee $85,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment.[2]

    b. Effective upon Trustee's receiving the $85,000.00 Settlement Funds in good funds and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Trustee releases, acquits, and forever discharges United from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against United prior to the Effective Date.

---

[1]   The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

[2]   Capitalized terms not otherwise defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

3

16763322v1

    c. Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, United releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that United may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

    d. Effective upon the Settlement Approval Order becoming a final order, the UCB Deed shall be deemed properly perfected.

    e. The Parties stipulate and agree that United shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $85,000.00 Settlement Funds, or for any reason, and that United, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

    f. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and United shall file a stipulation dismissing with prejudice the Adversary Proceeding.

### Relief Requested

11. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

### Basis for Relief

12. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

16763322v1

4

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

13. The proposed settlement between the Parties is the product of arms' length negotiations at the judicially hosted Mediation and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

14. Given the potential expense of litigating the claims raised by Trustee and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

16763322v1

15. Trustee estimates that the proposed Settlement Agreement will allow him to make a meaningful, if not substantial, distribution to holders of timely filed, non-priority, general unsecured claims. In fact, Trustee estimates that the proposed Settlement Agreement will allow him to make a similar (if not better) distribution to holders of non-priority, general unsecured claims as he would make after litigating the Adversary Proceeding to a judgment in favor of the Bankruptcy Estate. But, importantly, it allows Trustee to avoid the risks associated with such litigation.

16. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 1st day of July, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

16763322v1

**EXHIBIT "A" FOLLOWS**

16763322v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of June 29, 2021 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Tracy Dennis ("**Debtor**"); and United Community Bank ("**United**").

### Background

1. On February 28, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 20-63562-PMB (the "**Bankruptcy Case**").

2. On the Petition Date, Debtor was the sole owner of that certain real property with a common address of 6885 Estepona Street, Atlanta, Fulton County Georgia 30349 (the "**Property**").

3. On or about October 15, 2019, Debtor signed a *Security Deed* (the "**UCB Deed**") granting a security interest in the Property to United to secure the repayment of a debt owed by Debtor to United in the original principal amount of $169,990.00 (the "**Debt**").

4. Within 90 days of the Petition Date and approximately 113 days after Debtor executed the UCB Deed, it was recorded (the "**Transfer**") on the real property records (the "**Real Estate Records**") of the Clerk of the Superior Court of Fulton County (the "**Clerk**") on February 5, 2020.

5. On May 8, 2020, Trustee filed a complaint (the "**Complaint**") against United and initiated the adversary proceeding styled as *Hays v. United Community Bank* (Adv. Pro. No. 20-6079-PMB) (the "**Adversary Proceeding**"), in which Trustee has asserted that the Transfer is avoidable and recoverable by Trustee for the benefit of the Bankruptcy Estate, under 11 U.S.C. §§ 547, 550, and 551 (the "**Preference Issues**").

6. United has filed an answer to the Complaint and contests Trustee's claims related to the avoidability and recoverability of the Transfer.

7. On April 2, 2021, the Court entered an order [Doc. No. 22], authorizing Trustee and United to mediate the Preference Issues.

8. Following a mediation hosted by the Honorable Mary Grace Diehl, Trustee and United (collectively, the "**Parties**") reached an agreement to resolve the Preference Issues raised

Page 1 of 6

16644585v1

by Trustee, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Preference Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds by First American to Trustee.* Within 30 days of the Settlement Approval Order becoming final and upon receipt of a W-9 for the Bankruptcy Estate, United, through its title insurance carrier, First American Title Insurance Company, on behalf of United, shall pay to Trustee $85,000.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering a check to Trustee in the amount of $85,000.00 made payable to "S. Gregory Hays, Trustee (Dennis)" addressed as follows:

    S. Gregory Hays
    Hays Financial Consulting, LLC
    Suite 555
    2964 Peachtree Road
    Atlanta, GA 30305

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

    2.3. *Release by Trustee of United.* Effective upon Trustee's receiving the $85,000.00 Settlement Funds in good funds and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved

16644585v1

under this Agreement, Trustee releases, acquits, and forever discharges United from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against United prior to the Effective Date.

2.4.  *Release by United of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, United releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that United may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5.  *The UCB Deed Shall be Deemed Properly Perfected.* Effective upon the Settlement Approval Order becoming a final order, the UCB Deed shall be deemed properly perfected.

2.6.  *No Claim Against the Bankruptcy Estate.* The Parties stipulate and agree that United shall not have a claim as an unsecured creditor in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $85,000.00 Settlement Funds, or for any reason, and that United, nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.7.  *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds, Trustee and United shall file a stipulation dismissing with prejudice the Adversary Proceeding.

3.  **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4.  **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and United, , and that any material amendment is subject to Bankruptcy Court approval.

16644585v1

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trusteeor United, but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

16644585v1

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force; provided, however, that the payment of the Settlement Funds by United to Trustee required by Section 2.2 of this Agreement is central to the Agreement and may not be severed or stricken from the Agreement.

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   13.1. *If to Trustee*:

   Michael J. Bargar
   Arnall Golden Gregory LLP
   171 17th Street, NW, Suite 2100
   Atlanta, GA 30363
   michael.bargar@agg.com (electronic mail)

   13.2. *If to United*:

   Monica K. Gilroy
   The Gilroy Firm
   1145 Hightower Trail
   Atlanta, GA 30350
   monica.gilroy@gilroyfirm.com (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

16644585v1

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Tracy Dennis (Case No. 20-63562-PMB)

Dated: 6-24-2021

**THE GILROY FIRM**
*Attorneys for United*

By: _____
Monica K. Gilroy
Georgia Bar No. 427520
monica.gilroy@gilroyfirm.com
1145 Hightower Trail
Atlanta, GA 30350
678-280-1922

Dated: 6-29-2021

16644585v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between Trustee and United Community Bank under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Tracy Dennis
6885 Estepona St
Atlanta, GA 30349

Christopher Carouthers
Chris Carouthers & Associates
Suite 131
2250 North Druid Hills Rd.
Atlanta, GA 30329

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Monica K. Gilroy
The Gilroy Firm
1145 Hightower Trail
Atlanta, GA 30350

This 1st day of July, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16763322v1